Battle, J.
 

 The rule that the plaintiff in ejectment must recover on the strength of his own title, either as being in itself good against all the world, or good against the defendant by estoppel, is too well established in the law of this State, to be in the slightest degree shaken by the elaborate argument of the j>laintiff’s counsel.
 
 Dunccm
 
 v.
 
 Dwncam,,
 
 3 Ire. Rep. 316 ;
 
 Clark
 
 v.
 
 Diggs,
 
 6 Ire. Rep. 159. As early as the year 1816, it was said by
 
 Mr. Mordeoai,
 
 who argued for the plaintiff in the case of
 
 Shepherd
 
 v.
 
 Shepherd,
 
 N. C. Term, Rep. 108, that he did not intend to controvert the rule so long established, that the plaintiff in ejectment must recover on the strength of his own title. We do not intend to weaken the foundation of the rule by supposing it to be, at this day, open for discussion.
 

 We are as little convinced, by the argument of counsel,
 
 *469
 
 that Mr. "Washington, who entered upon the land and claimed it as his own for several years, became the possessor of it for the infant heir of the ancestor of the plaintiff’s lessor, by the mere fact of being appointed by the County Court her guardian.
 

 It is unnecessary, however, to discuss this question, because we are satisfied that the plaintiff is entitled to recover upon other principles which are well established by the decisions of this Court. In the case of
 
 Fitzrandolph
 
 v. Norman, N. C. Term, Rep. 134, one of the questions was, whether a grant from the State, in favor of the defendant, could be presumed from the possession of tenants, between -whom and the defendant .no privity could be shown. Seawell, J. said the Judge did right in leaving the facts of the possession in 1768 and 1769 to the jury, though there was no connexion proved between such possession and that under which the defendant claimed. Eor, as against the State, it was a circumstance from which it might be inferred that the State had parted with a right, as well as if those in possession had been successive claimants from one another. The evidence offered in such a case, was not to mate a title in the defendant, but to oust the claim of the State. Daniel, J. remarked, that “ the defendant rested his defense upon length of possession, connected with a chain of circumstances as evidence to presume a grant had once been issued. And it was quite immaterial whether the grant issued to that person under whom he immediately claimed, or whether it issued to any person or persons no way connected with him.” Eueein, J. concurred, for the reasons given by Seawell, J. The principle decided in this case was referred to and confirmed in
 
 Chandler
 
 v.
 
 Lunsford,
 
 4 Dev. and Bat. Rep. 407, and again in
 
 Reed
 
 v. Earnhart, 10 Ire. Eep. 516. In the last case the Court went further, and held, that a continuous unceasing possession is not necessary to raise the presumption of a grant. The leading idea, in the opinion of the Court, is that, “ when land has been for a long time treated and enjoyed as private property, the presumption must be made that the State has parted with
 
 *470
 
 its title, unless the presumption is repelled by proof, that such is not the fact.” The presumption being made that the title' is out of the State, the contest between individual claimants must be decided according to the well-established rules of property, applicable to each case. For the -purpose of illustrating this idea, Peajjson, J. made the following suppositions: “A plaintiff in ejectment shows color of title, and seven years possession in the lessor, he then shows a grant in the
 
 defendant;
 
 this entitles him to recover’. So, if he shows that the defendant was in possession under color of title, twenty-one years, or without color of title, thirty years, or, that the defendant was in possession twenty-four years when the lessor evicted him, the defendant’s possession for twenty-four years, added to the lessor’s possession of seven' years, takes the title out of the State, which is sufficient for the purpose of the plaintiff; the State is presumed so have parted with her title, because A is permitted to keep possession twenty-four years, and B, who evicts him, seven years.” The principle deducible from these supposed cases is, that a possession of land for more than thirty years, raises a presumption that the State has made a grant of the land to some person, but without fixing on any particular person, leaving that to.be settled by other rules of law. Apply this to the present case. The seven years possession, under color of title, of the feme lessor’s ancestors, Solomon and John Walker, gave the latter a good title against all the world except the State. The subsequent possession of the defendant, and those from whom he claimed, for more than thirty years, raised the presumption that the State had parted with its title, and yet, did not bar the title of the feme lessor, because she, and her mother,, from whom she claimed, were all the time under the disabilities of non-age and coverture ; indeed, the possession of John Washington, did not avail anything as against the title under which the feme lessor claimed, because it was unaccompanied by color of title. The possession of his widow as devisee under his will, was otherwise, but could not ripen into a good title, for the reason given above, that the feme lessor and her
 
 *471
 
 mother were laboring under disabilities. If these principles be correct, it follows that the charge of his Honor, in the Court below, was erroneous, and the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Curiam.
 

 Judgment reversed.