The plaintiff declared upon a grant from the State, which includes thelocus in quo — the grant contained the following exception: "Including two hundred and fifty acres previously granted, which is excepted in this grant." It was admitted that the plaintiff was not in actual possession. The defendant's counsel requested his Honor to charge that the plaintiff *Page 14 
must prove that the locus in quo was within the grant, and without the exception. His Honor reserved the point; and on a verdict being found for the plaintiff, directed a non-suit to be entered, from which the plaintiff appealed.
It was well observed by the plaintiff's counsel, that, unless the Court was disposed to over-rule their decision in the case of WAUGH v. RICHARDSON, 8th Ired. 470, there must be a venire de novo in this case. We concur with him. The only difference between the two cases, is in the nature of the actions, that of Waugh being an action of ejectment, and this trespass quare clausum fregit, — the principles governing the two cases being in some respects the same.
In ejectment, the lessor of the plaintiff must show a legal title to the premises in dispute. In trespass, the plaintiff, not in actual possession, must do the same; and what will prove a sufficient title in the former, except in the case of possession under the act of '77, will prove a good title in the latter. Here it is admitted that the plaintiff is not in the actual possession of any part of the land covered by the grant under which he claims, and must rely, therefore, upon his title. If he has shown a legal title to the land in dispute, that title draws to it the possession, there being no adverse possession. In Waugh's case, the grant to Kay, under which the lessor of the plaintiff claimed, embraced within its marks and boundaries eight thousand, six hundred and ninety-nine acres, — being a surplus of five thousand, six hundred and ninety-nine acres more than was apparently intended to be granted. After describing the land, the grant contains these words, "including within its bounds 5,699 acres of land, which is excepted in this grant." It was *Page 15 
there insisted that the exception was inoperative, being vague and uncertain, in not specifying any particular portion as constituting the quantity reserved, and for that reason could not restrain the general terms of the grant of the land, according to the description in the patent.
The grant to McCormick, in this case, is for five hundred acres, under specified metes and boundaries, after which follows these words, "Including two hundred and fifty acres previously granted," which is excepted in this grant." This exception is liable to the same objection as that contained in the grant to Kay, as being vague and uncertain, with the qualification that, in the patent, it is said to be of land previously granted. But there is nothing in the grant to show to whom the land had been previously granted, nor in what part of the land within the boundaries it was located. It cannot, therefore, so far as this case is concerned, be permitted to restrain the general terms of the grant, in which it is contained, and that, for the purposes of this action, the plaintiff has shown a legal title to all the land within the lines of his grant, and is entitled to maintain his action.
It was further urged in this case, that it was incumbent on the plaintiff to show that the place on which the alleged trespass was committed, was within the boundaries of his grant, and without the boundaries of the 250 acres previously granted. We do not concur in the position. The plaintiff having shown a sufficient legal title to the whole of the land, within the boundaries of his grant, the possession was drawn to it by operation of law, and a trespass being committed on any portion of it, sustains this action.
But again: the plaintiff, having shown a sufficient legal title to the whole of the land covered by his grant, if there be a valid title to any portion of it in another person, it was the duty of the defendant to show it. The grant referred to in the exception may be a good and valid one for aught that appears to us: with that question we have at present *Page 16 
nothing to do. The defendant here is a mere tort-feasor, and must answer for his trespass, unless, in a future trial, he can show a previous grant to himself, or to some third person, for the part of the land upon which the trespass was committed, — upon the principle "id certum est quodcertum reddi potest," whereby the vagueness of the exception will be cured.
There is error in the judgment below, and there must be judgment for the plaintiff.