W. P. MIDGETT and wife v. R. W. WHARTON and others.

*Action to Recover Land—Exceptions in Deeds.*

1. An answer of defendants asserting title in them to land claimed by plaintiff, involves a denial of plaintiff's title, and plaintiff must prove his title, even though it appear the defendants have none.

2. When land sued for by plaintiff was included in the general boundaries of a tract described in the deeds under which he claimed, but there was a reservation in one of the deeds constituting his chain of title excepting *the land heretofore conveyed by T. H. S. to other parties, and by B. J. M. to S. M. M., and by J. S. M.,* and the *locus* in defendants' possession, and to which their answer averred ownership in them, was identified as described in a deed from T. H. S. to a son, which was produced: *Held*, that the reservation was good against plaintiff, though the deed from T. H. S. was fraudulent and void as to creditors.

CIVIL ACTION, for the recovery of land, tried before *Graves, J.*, at Fall Term, 1887, of the Superior Court of HYDE County.

The land, whose recovery is sought in the action, belonged to one Talbot Selby, and the plaintiffs derive their claim of title thereto by virtue of a sale under execution by the Marshal of the United States, made on November 30, 1868, issued upon a judgment rendered in the Circuit Court of the United States in favor of Carly, Howe & Co. against the said Talbot Selby, and a deed pursuant thereto to David M. Carter, the purchaser. In January, 1871, Carter conveyed the land to Benjamin J. Midgett, and the latter and

wife, on May 1st, 1876, conveyed to Nancy J., wife of W. P. Midgett, who as plaintiffs prosecute the action, by a deed in which, after designating boundaries, the premises are further described as "the lands conveyed by E. H. Saunderson to Talbot H. Selby, and sold under execution by D. R. Good-loe, United States Marshal, and conveyed to D. M. Carter, and by said D. M. Carter conveyed to Benj. J. Midgett by deed dated January 1, 1887, all of which deeds of convey-ance are duly registered in the Register's office of Hyde County." Then follows this clause of reservation: "The lands heretofore conveyed by Talbot H. Selby to other par-ties, and by said Benj. J. Midgett to Samuel M. Mann, and by Joseph S. Mann, are excepted from the operation of this deed."

It further appears from the finding of the Court, to this end a jury trial having been dispensed with by consent of parties, that Talbot Selby, about the first of May, 1868, made to his son, Dixon Selby, a deed falsely dated in March, 1861, executed, in fact, after the levy and before the sale under execution by the Marshal, purporting to pass the land in dispute, with intent to defraud the creditors of the grantor. In November, 1875, Dixon Selby "made a mortgage deed for the land to George V. Credle to secure money due him, and the latter, being indebted to D. M. Carter, deceased, assigned the secured debt and delivered possession, which had been surrendered by Dixon, to the defendant R. W. Wharton, administrator of Carter.

The answer of the defendants asserts the title to so much of the land embraced in the complaint as is described in the two deeds from Talbot Selby to his son Dixon Selby, and from the latter to George Credle, to be vested in the heirs-at-law of the said Carter, and disclaims any property in or possession of any portion outside of those boundaries.

There was judgment for defendants, from which plaintiffs appealed.

*Messrs. C. F. Warren* and *J. H. Small*, for the plaintiffs.
*Mr. F. H. Whitaker*, for the defendants.

SMITH, C. J. (after stating the case). There seems to be
but one defence. That is manifestly untenable, since the
ancestor parted with all his estate and interest in the lands
acquired under the Marshal's deed in his deed made there-
after to Benjamin J. Midgett; and, if comprised within the
boundaries of his deed to the *feme* plaintiff, the title has
been transmitted to her. The claim of the defendants is
thus without support, and if this were the only issue arising
under the pleadings, it would terminate the controversy.
But the assertion of title in the defendants involves a denial
of title in the plaintiffs, and this must be established in order
to a recovery of the land so adversely claimed. It becomes
necessary, therefore, to inquire into the sufficiency of the
descriptive words contained in the deed to the *feme* plaintiff,
as affected by the clause of reservation, for if this be inop-
erative to restrain the preceding description of boundaries,
the land in dispute is conveyed to her. This is the only
point presented in the record for our determination.

The cases which have been decided in this Court in which
the effect of such an exception in limiting the import of
words that define a boundary within which it is contained,
cited in the argument and reviewed in *Gudger* v. *Hensley*, 82
N. C., 481, do not sustain the contention that such an excep-
tion as the present is inoperative and void.

In *McCormick* v. *Monroe*, 1 Jones, 13, the exception was,
"including two hundred and fifty acres previously granted,
which is excepted in this grant," and it was held to be
ineffectual to restrain the grant and exclude any portion of
the territory from the defined boundaries, the exception
being too vague and uncertain, in that there is nothing in
the grant to show to whom the land had been previously
granted, nor in what part of the land within the boundaries
it was located.

In an opinion delivered by PEARSON, J., in the case, he deems even this general expression sufficient to admit of identification of the reserved part by the aid of external proofs, the production of which rested upon the defendant, upon the principle "*id certum est quod certum reddi potest.*" The language of the present deed in designating the excluded parts is much more definite and plain in its purpose, for it mentions the name of the grantor, and the deed was produced at the trial, and is among the findings of fact upon which the ruling complained of is based. So, as it was capable of being identified, and has been identified by the reference, the conditions necessary to withdraw the part intended to be excepted are met, and the deed, in legal effect, only conveys the residue.

The plaintiff not, therefore, obtaining title to the land mentioned in the deed of Talbot Selby, cannot recover it of the defendants, because, irrespective of the alleged fraudulent intent that pervades the conveyance, the title thereto does not vest in the plaintiffs. There is no error, and the judgment must be affirmed.            Affirmed.