(Only so much of the case as is necessary to an understanding of the decision is set out.)
1. That on 13 March, 1875, John E. Brown and John J. Donaldson, by their attorney William J. Brown, conveyed to John T. Wilder, by deed of general warranty, a tract of land in Mitchell County, N.C. containing 45,000 acres, more or less, fully described in (354) said deed.
2. That on 1 October, 1877, the said John T. Wilder et al., by deed of general warranty, conveyed said tract of land, above mentioned, to the Roan Mountain Steel and Iron Company, plaintiff in this action, and said company has been in possession of said land since said conveyance *Page 248 
by Wilder and others to said company, subject to the exception in the deed to Wilder from Brown and Donaldson.
3. That the deed to Wilder from Donaldson and Brown conveyed "all lands (within the described boundaries) not heretofore conveyed or contracted to be conveyed by the said parties of the first part," and that among the exceptions covered by said deed was a paper executed by Brown, agent for one James T. Hunter, called in the pleading a title bond for certain lands, the descriptive words of which are as follows: "Lying on Cooper's Branch, adjoining the lands of John Street, David Lipton, and others, to be so run as to take all the unsold lands between `lines.'" The price to be paid for any lands conveyed thereunder being fixed at $1 per acre.
4. That the said deed from Wilder et al. to the Roan Mountain Steel and Iron Company, and from Brown and Donaldson to Wilder as aforesaid, embraced by "calls" the lands mentioned in the Hunter bond, and that William J. Brown, agent, etc., after the deed to Wilder, executed a deed to one David Bailey, who was the assignee and holder of the Hunter bond above described, for a boundary of land mentioned as 50 acres, more or less, and that thereupon said bond was surrendered to W. J. Brown by said Bailey in presence of said defendants, and afterwards passed into the hands of defendant with the endorsement of W. J. Brown thereon to said defendants, which bond, with the endorsement, is hereby referred to.
5. It is further agreed that the plaintiff corporation is owner in fee simple of all lands described in the deed from Wilder et al. to said company, except that portion of the same which may be included (355) in what is known as the Hunter bond, referred to in paragraph "three" above; said bond being subject, nevertheless, to legal constructions and all rules as to the quantity of land, if any, covered thereby. It is also admitted that William J. Brown, agent aforesaid, or professing to act as such agent, at the instance of the defendant conveyed to Levi Edwards, son of the defendant, a portion of said land claimed to be covered by said Hunter bond, which deed was executed 17 July, 1882, and is hereby referred to; and further, that the land thus conveyed by said deed to Levi Edwards has since been conveyed to the defendant by said Levi Edwards.
The court being of opinion that the plaintiffs are not entitled to recover, adjudged and decreed that the plaintiff is not the owner of the land claimed by the defendant and covered by the deed executed by W. J. Brown, agent of John J. Donaldson, to Levi Edwards on 17 July, 1872, but that the defendant O. B. D. Edwards is the owner of the same.
From this judgment the plaintiff appealed. *Page 249 
It being admitted that the locus in quo is within the boundaries of the plaintiff's deed, and the defendant claiming under an exception made in said conveyance, it is clear that it was incumbent upon him to bring himself within the terms of the exception by proper proofs (Gudger v. Hensley, 82 N.C. 481), and this the defendant has failed to do, as there is nothing in the case to show that any land has been identified as that mentioned in the bond for title. Conceding, therefore, what is by no means clear, that the said bond is not void for indefiniteness of description, there is a total absence of any testimony or finding locating the same, and it must follow that the plaintiff is entitled to a (356)
New trial.
Cited: S. c., 111 N.C. 500; Bernhardt v. Brown, 122 N.C. 590; Wymanv. Taylor, 124 N.C. 430; Batts v. Batts, 128 N.C. 22.