The purpose of the action was to compel the Sheriff of Dare County to execute to plaintiff a deed for the two tracts of lands set out and described in the complaint, and known as the Charles Horton tract and the Hooker tract; said land having been sold by the said sheriff for taxes on 5 May, 1890, and purchased by plaintiff.
The plaintiff proved the sale by the sheriff on 5 May, 1890, for taxes due from Charles Horton and J. Hooker; that plaintiff bought at said sale and took a certificate from the sheriff for each tract, in pursuance of the statute, and also proved the taxes were due from said parties as alleged; that after the expiration of a year from date of sale the plaintiff, who had paid his bid at the time of purchase, demanded of the sheriff deeds for the two tracts of land, and said sheriff refused and still refuses to execute a deed for same.
The sheriff admitted the sale, certificate, etc., and a refusal to make the deed, and claimed that his refusal was rightful, because within the year from the sale for taxes the land had been redeemed by the Eastern Carolina Land and Lumber Manufacturing Company, and testified that *Page 194 
on 22 April, 1891, within the year the said company had, by its agent, paid to the sheriff the entire amount plaintiff bid for the land, together with the penalty and costs, and that he had so notified the plaintiff before this action was brought; and the question of plaintiff's right to a deed was made to depend upon whether said company had such an interest in the two tracts of land described in the complaint as made the repayment to the sheriff a valid redemption of the land.
To show such interest defendant introduced a grant from the State to John Grey Blount, dated 7 September, 1795, for 100,000 acres of land, described by metes and bounds, which grant contained a (231) reservation as follows: "Within which boundaries there hath been heretofore granted 22,633 acres, and is now surveyed and to be granted to Mr. George Pollock 9,600 acres, which begins at," etc. Other deeds were introduced showing conveyance of the land to the defendant, and there was evidence to show that the above deeds in the outer boundaries accorded with the John Grey Blount patent, conveyed the same land and contained the reservations made in the Blount patent. There was evidence, also, showing that the Eastern Carolina Land, Lumber and Manufacturing Company and those under whom it claimed had continuously occupied lands in the Blount patent since 1873, but it was admitted that no portion of the lands sued for and described in the complaint had been so occupied or possessed. There was evidence, also, tending to show that the lands sued for were within the outer boundaries of the Blount patent.
Plaintiff introduced grants and deeds showing title to the lands sold for taxes in the delinquents.
No evidence was offered that John Hooker and Charles Horton were the same men from whom the taxes were due, except that the tax list showed land listed and taxes therefor due from parties of the same name.
Defendant contended that the possession of the land and lumber company within the outer boundaries of the Blount patent, but outside of the two grants introduced by plaintiff, would mature the title to the lands embraced in said grants, under the deeds introduced by them, and gave them such an interest in said lands as would authorize them to redeem the land sold for taxes.
The court being of opinion that such possession of defendant would not operate to give them any interest inside of the two grants which antedated the Blount patent, instructed the jury if they believed (232) the evidence to answer the first issue "Yes," the second issue "No," and the third issue "Yes." Pursuant to this instruction the jury so responded to the issues as follows:
1. Did plaintiff purchase and pay for land at sale for taxes in May, 1890, and take certificates of the sheriff therefor pursuant to the statute? Answer: "Yes." *Page 195 
2. Was the land redeemed by the owner, occupant or any person having a lien or interest therein within twelve months from such sale? Answer: "No."
3. Did plaintiff demand a deed from the sheriff before bringing this suit? Answer: "Yes."
From the judgment in favor of the plaintiff, defendant appealed.
The principal point in this case is decided in Mfg. Co. v. Frey, ante, 158. It is there held that where a patent issued for a tract of land, reserving land within its limits "previously granted," that possession under such patent, but outside of the land "previously granted," was not constructive possession of the excepted, land, and that the patent was not color of title to the land so excepted, though the burden was on the party claiming under the exception to show that the land in question came within the exception. Here that has been done.
The defendant in this case, however, further contends that no evidence was offered that John Hooker and Charles Horton were the same men from whom the taxes were due, except that the tax list showed land listed and taxes therefor due from parties of the same name. It would be sufficient to say that this point was not raised by exception below, nor by prayer for instruction, nor by issue tendered. It cannot be raised here for the first time. If it could be, however it (233) might have been formerly (Fox v. Stafford, 90 N.C. 296), by the present law, Acts 1887, ch. 137, sec. 62, Laws 1889, ch. 218, sec. 63, the certificate issued to the plaintiff as purchaser at the tax sale was "presumptive evidence of the regularity of all prior proceedings." This presumption was not rebutted.
No ERROR.
Cited: Collins v. Pettitt, 124 N.C. 729. *Page 196