R. M. DEAVER v. HARVEY JONES.

*Action to Recover Land—Boundaries—Survey—Parol Evidence.*

1. When a grant is located by contemporaneously marked lines, those lines govern and control its boundary and fix the location so as to supersede other descriptions.

2. Where there is conflicting testimony as to the true location of a corner forming a boundary of tract of land, the highest evidence is proof of the consent of the parties to the deed that certain marked lines or corners should constitute the boundary, and the identity of the corner is a question for the jury.

3. Where the identity of a corner of a boundary is in question, if the jury find from the evidence that an object, such as a stone or tree, called for as a corner, was actually agreed upon by the parties at the time of the execution of the deed, though it may be reached before the distance gives out or before intersecting with another line, which is also called for, such tree or stone must be declared the true corner.

4. But where the identity of a corner called for cannot be established, course and distance will control.

ACTION to recover land, tried before *Boykin, J.,* and a jury, at December Term, 1895, of BUNCOMBE Superior Court. There was verdict for the plaintiff and defendant appealed from the judgment thereon.

*Mr. J. H. Merrimon,* for plaintiff.
*Messrs. Moore & Moore,* for defendant (appellant).

AVERY, J.: The court instructed the jury that when a grant is located by contemporaneous marked lines those contemporaneous marked lines govern and control its boundary and fix the location so as to supersede other descriptions. We see no merit in the exception to this as

a legal proposition.   A deed is a contract, and the highest
evidence of the identity of the subject-matter of it, where
there is conflicting testimony as to its true location, is proof
of the consent of two minds that certain marked lines or
corners should constitute the boundary.   *Shaffer* v. *Gaynor*,
117 N. C., 15 ; *Shultz* v. *Young*, 3 Ired., at pp. 385, 388 ;
*Baxter* v. *Wilson*, 95 N. C., 137, at pp. 143, 144 ; *Cooper*
v. *White*, 1 Jones, 389 ; *Manufacturing Company* v. *Hen-
dricks*, 106 N. C., 485 ; *Bonaparte* v. *Carter*, Ibid., 534.
Whenever it can be proved that there was a line already
run by the surveyor, was marked and a corner made, the
party claiming under the patent or deed shall hold accord-
ingly.   *Cherry* v. *Slade*, 3 Murphy, at p. 82.   While it is
the rule that a call for a natural object, such as a stream
or a line of another tract of land located by extrinsic testi-
mony, will control course and distance so as to prolong a
line till it reaches the object, (*Buckner* v. *Anderson*,
*supra ; Corn* v. *McCrary*, 3 Jones, 496,) it is equally true
that if the jury find from the evidence that an object, such
as a stone or tree called for as a corner, was actually
agreed upon by the parties at the time of the execution of
the deed, though it may be reached before the distance
gives out, or before intersecting with another line which
is also called for, such tree or stone must be declared the
true corner.   *Bonaparte* v. *Carter* and *Buckner* v. *Ander-
son, supra ; Murray* v. *Spencer*, 88 N. C., 357.   Where
common reputation has pointed to an object for years as
a corner, that of itself is some evidence to identify it ; and
if there had been no other testimony tending to locate the
corner, according to the contention of the plaintiff, except
hearsay and common reputation, it would have been the
duty of the judge to have left the jury to determine, as he
did, whether the disputed line should be prolonged to its
intersection with the line which defendant claimed but

plaintiff denied to be Tate's corner, or whether its terminus was satisfactorily fixed by the testimony eight poles further south.   A tree is a natural boundary and controls course and distance, just as a stream, a lake, or a line of another tract of land does, either by prolonging the line or stopping it short of the full distance called for. *Cherry* v. *Slade, supra; Johnson* v. *House*, 2 Haywood, 301; *Patton* v. *Alexander*, 7 Jones, 603.   In addition to the hearsay evidence and that by reputation, there was corroborative testimony as to the running of adjacent tracts calling for the corner contended for by the plaintiff, and also of the correspondence of the growth of the corner tree with the date of the deed under which the plaintiff claimed.

The location of Tate's line, as contended for by the defendant, was not admitted by the plaintiff.   On the contrary, it was insisted that the deed the calls of which the surveyor ran were those of Benson and Tate, not a Tate grant, and further that the corner claimed by the defendant to be a post oak was in fact not in but south of the east and west line of the Benson and Tate grant.

The court did not err in leaving the jury, upon the conflicting testimony, to determine which was the true postoak corner, and thus to settle, as it was their province to do, the first question of fact upon which the whole testimony hinged.   The plaintiff introduced grants and connected himself with them by *mesne* conveyances, and also testimony tending to show that his grants and conveyances embraced the land in controversy, which is indicated on the plot by the letters and figures h, g, 3, 4, 5, j, i, h. The court committed no error in instructing the jury that if these grants and deeds covered the land in dispute they were *prima facie* evidence of title in the plaintiff. *Mobley* v. *Griffin*, 104 N. C., 112.

But the defendant introduced a grant known as the

Rogers grant, issued in 1817, which he contended covered the land occupied by him ; and, it being older than plaintiff's grant, the court properly told the jury that if he made good his contention the plaintiff could not recover. The calls of that grant which gave rise to the controversy were, first, that from the pine, the admitted beginning corner indicated by the index finger at e, and running " north crossing a branch to a post-oak on Tate's line, and thence with the same, &c " The defendant offered testimony tending to fix the location of a Benson & Tate grant, beginning at a, and running to b, c, d, and back to a, so as to include most of the *locus in quo*. The defendant contended that the Benson and Tate line was that called for as the Tate line, and that if the jury found that the post-oak was at h, or between h and g, still the next call would extend that line to the nearest point on the line a, d, if they should find that to be the Tate line. The court instructed the jury that the line must be so located, if they should first find a, d to be the Tate line, and in this there was no error.

Guided by the instruction given, the jury must have found upon the evidence that the Benson and Tate line was not that known as the Tate line, and if not, the call would not control distance so as to prolong the first line till its intersection with the line a, d, and then run with it to d. We must infer that they reached the conclusion of fact that the evidence by reputation, the calls of adjacent tracts, and the marks discovered by blocking, fixed the location of the post oak at h, and on failure to establish the boundry a, d so as to intersect it, that the next call would be run by course and distance to i, and the whole of the land in dispute would be left outside of the Rogers grant and inside of the plaintiff's grant and deed. This finding

was decisive of the whole controversy. Upon a review of the instruction asked and that given, we find no error of which the defendant can justly complain. The judgment is affirmed.

Affirmed.