BATTS v. BATTS.

(Filed March 12, 1901.)

EJECTMENT—*Exception in Deed—Burden of Proof.*

Where there is an exception in a deed, the burden of proof is upon him who would take advantage of the exception.

ACTION by D. L. Batts against J. E. Batts; heard by Judge *H. R. Starbuck* and a jury, at November Term 1900, of WILSON County Superior Court. From a judgment for the plaintiff, the defendant appealed.

*H. G. Connor & Son,* for the plaintiff.
No counsel for the defendant.

MONTGOMERY, J.   This action is for the possession of a lot of land of three acres upon which there are valuable improvements.   On the trial the plaintiff offered in evidence a deed to himself from the defendants in which was conveyed a tract of five hundred acres with an exception of seventy-three acres in the southwest corner, and which seventy-three acres are well described by metes and bounds.   There was also evidence on the part of the plaintiff locating the 500-acre tract, and further evidence that the 3-acre lot was included in the boundaries of the 500-acre tract, and that the defendant was in possession of the 3-acre lot and premises.

The defendant offered no evidence, but requested the Court to charge the jury that the burden was on the plaintiff to show that the *locus in quo* was outside the exception mentioned in the deed.   The instruction was refused, and the jury were charged that if they were satisfied by a preponderance of the evidence that the lot of three acres was a part of and included within the boundaries of the 500-acre tract, then the burden was on the defendant to show by a preponderance of the evidence that the 3-acre lot was included in the exception.   The defendant excepted, and appealed to this Court.

The only question presented is, upon whom does the *onus* lie, upon the plaintiff or upon the defendant?   It is upon the defendant.   The plaintiff's deed conveyed and covered the whole 500 acres; 73 acres were excepted.   The defendant insists that the lot of 3 acres is a part of the exception, and certainly that is an affirmative, and he must prove it. *McCormick v. Monroe,* 46 N. C., 13; *Gudger v. Hensley,* 82 N. C., 481; *Steel Co. v. Edwards,* 110 N. C., 353.

No error.