## CAUDLE v. LONG.

(Filed May 19, 1903).

1. EVIDENCE—*Sufficiency—Non-Suit—Ejectment.*

> In an ejectment suit where the plaintiff offers no evidence except a deed and possession thereunder for two years, a judgment of non-suit should be granted.

2. EJECTMENT—*Deeds—Estoppel—Burden of Proof.*

> The defendant in ejectment is not estopped to dispute the title of the plaintiff by having accepted a deed from mother of plaintiff after the death of plaintiff's father, it not appearing that her dower had been assigned and the burden of showing this being on plaintiff.

ACTION by Serena M. Caudle and H. A. Mullis against John S. Long, heard by Judge *W. S. O'B. Robinson* at August Term, 1902, of the Superior Court of UNION County. From a judgment of non-suit the plaintiff appealed.

*Adams & Jerome,* for the plaintiffs.
*Redwine & Stack* and *Armfield & Williams,* for the defendant.

DOUGLAS, J.    This is an action in the nature of ejectment in which the plaintiffs seek to recover lands admittedly in the possession of the defendant. The plaintiffs introduced in evidence a deed from Thomas B. Little to Solomon H. Mullis, dated Sept. 21, 1860, and registered October 12, 1901. Plaintiffs then introduced Mrs. R. E. Phifer, who testified that Solomon H. Mullis "was my first husband and we were married about 46 years ago. We moved to the land in 1860 or 1861, about the time my husband bought it. We made one or two crops; it was war times and my husband went to the war and I moved with our two children to my father's. My husband came from the war very sick and died in my father's house during the war. We had two children

Hampton M. Mullis and Serena M. Mullis.    Serena married
. . . . . . . . Caudle, her present husband, when she was only 17
years of age and she has been married to him ever since.
Hampton is now 45 years old.    No crop was raised by us
after my husband moved off.    Jacob Helms went into posses-
sion of the land soon after we moved off and after him the
defendant Long went into possession and has been in posses-
sion ever since.    I do not know when they took possession.
I got the crops off the land after my husband's death.    After
his death I married J. W. Phifer.    After I married Phifer
the defendant Long came to me and said he wanted to buy
my interest in the land and my husband and I made him
a deed."    Plaintiff introduced deed dated January 6, 1873
and registered Dec. 10, 1885.    This was introduced to show
that the defendant claimed under Solomon H. Mullis.    The
answer admits possession.    Plaintiff rested and defendant
moved to non-suit which was allowed.

As far back as *Taylor v. Gooch,* 48 N. C., 467, it was said
that the rule that the plaintiff in ejectment must recover
on the strength of his own title, either as being in itself good
against all the world, or good against the defendant by estop-
pel, was too well established in this State to be the subject of
discussion.    Hence we will look alone to the title of the
plaintiffs.    If they own the land they must show it.    If
they do not own the land it makes no difference to them who
does own it, and the defendant may remain in possession until
the true owner asserts his right.    The plaintiff must show
at least a *prima facie* title before any evidence is required
from the defendant.    In *Mobley v. Griffin,* 104 N. C., 112,
the different methods by which the plaintiff may show such
*prima facie* title, are thus stated by the court:

1.    "He may offer a connected chain of title or a grant,
direct from the State to himself.

2.    "Without exhibiting any grant from the State, he

may show open, notorious, continuous, adverse and unequivocal possession of the land in controversy, under color of title to himself and those under whom he claims for 21 years before the action was brought.

3. "He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open notorious, continuous adverse possession, under color of title in himself and those under whom he claims, for seven years before the action was brought.

4. "He may show as against the State possession under known and visible boundaries for thirty years, or as against individuals for 20 years, before the action was brought.

5. "He can prove title by estoppel, as by showing that the defendant was his tenant, or derived his title through his tenant, when the action was brought.

6. "He may connect the defendant with a common source of title, and show in himself a better title from that source."

In support of these propositions, numerous authorities were cited by the learned justice writing the opinion, and we are not aware that their correctness has since been questioned.

In the case at bar the only evidence of title in the plaintiff's ancestor Mullis is the deed from Little dated September 21, 1860, and there is no evidence of possession for the *seven years* necessary to ripen a title. Hence no *prima facie* case has been established.

The plaintiffs further contend that as the defendant took a deed for the land from Mrs. Phifer the widow of their father, Mullis, that he is estopped to deny Mullis' title. This would be so if Mrs. Phifer had been one of the heirs or devisees of Mullis, but she had no interest in the land beyond her right of dower, which does not appear to have been assigned. Her deed to the defendant is not in the record, and hence we cannot tell what it purports to convey. It is argued that it conveyed only her right of dower, but as that was a

fact to be proved by the plaintiffs, we cannot assume its truth. If the defendant had held under a deed from one of the heirs or from the widow conveying her right of dower, he might hold as tenant in common with the heirs, but no such facts appear; nor is there proof tending to establish them. The mere existence of a deed is no proof of its contents. Where there is no evidence tending to establish a fact essential to the plaintiff's recovery, as in the case at bar, a motion for nonsuit is properly sustained. *Wittkowsky v. Wasson,* 71 N. C., 451; *Spruill v. Ins. Co.,* 120 N. C., 141. The judgment of the court below is

Affirmed.