T. C. McBRAYER v. FRANKLIN BLANTON ET ALS.

(Filed 13 December, 1911.)

1. **Deeds and Conveyances—Chain of Title—Estoppel by Deed.**
   A deed in defendant's chain of title introduced for the purpose of estoppel in an action involving title, cannot have that effect if defendant has failed to connect plaintiff's chain of title with it.

2. **Deeds and Conveyances—Chain of Title—Locus in Quo—Identification—Burden of Proof.**
   In an action involving title to disputed lands it is for the party relying upon a deed in his chain of title to establish that it covered the *locus in quo*, and the failure of the trial judge to so charge in proper instances constitutes reversible error.

3. **Deeds and Conveyances — Executors and Administrators — Authority—Ancient Deeds—Recitals.**
   An ancient deed by an administrator to be sufficient within itself should contain recitals to show the authority of the administrator to make it.

APPEAL from *Long, J.,* at February Term, 1911, of RUTHERFORD.

Civil action to recover a tract of land. These issues were submitted to the jury:

1. Is the plaintiff the owner in fee and entitled to the possession of the land described in the complaint? Answer: No.

2. Are the defendants, or any of them, in possession of the land described in the complaint, or any part of it? Answer: Yes.

3. What damages, if any, is plaintiff entitled to recover of the defendants? Answer: ........

From the judgment rendered the plaintiff appealed.

*Tillett & Guthrie and Robert S. Eaves for plaintiff.*
*McBrayer, McBrayer & McRorie for defendants.*

BROWN, J. In order to show title out of the State plaintiff introduced grant to Thomas Whitesides dated 28 November, 1792, admitted to cover the land in controversy. Plaintiff then introduced:

1. Allotment to Sarah Gettys in partition proceedings of Alpha Sweezy estate, covering the land in controversy.

2. Deed of Sarah Gettys and husband, Smith Gettys, to Augustus Surratt for same.

3. Deed of Surratt to plaintiff for said land.

4. Evidence showing adverse possession in Surratt for more than fifteen years prior to 1904 and up to that year.

Present possession by defendant was admitted.

The defendants introduced (1) deed Franklin Whitesides, administrator of Thomas Whitesides, to James Chitwood, dated 19 April, 1796; (2) deed James Chitwood to Jesse Chitwood; (3) will of Jesse Chitwood, dated 8 January, 1856, devising the land to Sarah Blanton, subject to life estate of Sarah Chitwood; (4) deed from James Chitwood to Elijah Sweezy, dated 16 August, 1824, offered for purpose of estoppel.

We find nothing in the record connecting plaintiff with Elijah Sweezy, or tending to prove that plaintiff claimed the land under him or that his deed covers the land in controversy. Therefore the attempt to connect plaintiff with James Chitwood and to show that plaintiff claims under him has failed.

The plaintiffs contend that the deed introduced by the defendant from James Chitwood to Jesse Chitwood is void for insufficient description and cannot be located. The description is as follows:

"Also a part of another tract of land containing 300 acres, granted to Thomas Whitesides and by him conveyed to the said James Chitwood and by him now conveyed to Jesse Chitwood, beginning at a post oak, corner of said tract; thence the line running east 187 poles to a black oak; thence south a certain distance to a black oak in the middle of the road; thence with said road a certain distance to a stake in Morrell's west line; thence with said line north the line of the 300 acres survey; thence with said line a certain distance to a stake; thence a conditional line northwest to a tree on the south side of the branch to range with one on the north side of the said branch; thence N. 70 E., to the beginning, containing 100 acres, be the same more or less."

In reference to the location of this deed, the surveyor testified: "I do not think the deed could be surveyed. The first

call, if you begin at the post oak on the northern line of the grant, would have to be shortened from 187 to 157 poles; this would put you at the corner at the end of this line. The next call could not be run, nor the next. What I say with reference to the location of the boundaries of this deed is simply my opinion as a surveyor, and is not based on any effort to run the deed or to locate the corners called for in it."

The burden of proof was on the defendant to locate this deed, as it constituted a link in defendant's chain of title, and to establish that it covered the *locus in quo,* and his Honor should have so instructed the jury. *Bailey's Onus Probandi,* 113; *Collins v. Swanson,* 121 N. C., 67.

As this case is to be tried again, we will not discuss the deed from William Franklin Whitesides, administrator of Thomas Whitesides. It is an essential part of the defendant's claim of title, and we note that the description of the land is full, but there is no evidence of any authority upon the part of the administrator to sell the land and no recitals whatever in the deed which would in an ancient deed be evidence of such authority.

New trial.