CALDWELL LAND AND LUMBER COMPANY v. W. H. CLOYD AND D. C. COFFEE.

(Filed 13 May, 1914.)

1. Deeds and Conveyances—Color of Title—Trials—Evidence—Adverse Possession.

Where a deed to lands is put in evidence without showing paper title in the grantor or connecting this deed with any other title, it can have no legal effect except as color of title, making it necessary for the party claiming it to establish such adverse possession of the lands, and for such a period of time, as will ripen his possession into an absolute title under the statute; and while building a house on the lands and marking its boundaries are some evidence of possession, it is not conclusive.

LAND CO. *v.* CLOYD.

**2. Same—Leases—Admissions.**

> Where. the plaintiff relies on adverse possession to ripen his
> disputed title to lands, evidence is competent as a circumstance
> to show adverse possession and as an admission by the defendant
> that, at one time, the latter had leased the lands from the former.

APPEAL by plaintiff from *Webb, J.,* at November Term, 1913, of CALDWELL.

This is an action to try the title to land.

The plaintiff introduced grants from the State to G. N. Folk of date 16 December, 1874, and mesne conveyances from said Folk to the plaintiff. It also introduced evidence tending to prove that the grants and mesne conveyances covered the land in controversy.

The defendant introduced a deed from Jesse Coffey to William Coffey, ancestor of the defendant, of date of 1833, and evidence that it covered the land in .controversy, and that the defendant and those under whom he claims had been in adverse possession of the land for more than thirty years.

The deed from Jesse Coffey to William Coffey was objected to upon the ground that it was fraudulent upon its face; and upon the objection being overruled, the defendant excepted.

In rebuttal of the evidence of adverse possession by the defendant, the plaintiff offered in evidence a lease from the plaintiff to the defendant of date 11 June, 1897, covering a part of the lands in controversy. The lease was excluded, and the plaintiff excepted.

His Honor charged the jury, among other things, as follows: "If you find by the greater weight of the testimony that Silas Coffey built his house on the land in controversy in 1858 or 1859, and find by the greater weight of the testimony that he, or some one else for him, ran around this tract of land, that he laid it out, that he ran the lines of it, and that he put such lines around that tract of land in controversy that were known and visible lines, the court charges you that would put title in him and that it would be his property, and when he died it would descend to his children," and the plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

LAND CO. *v.* CLOYD.

*Edmund Jones and W. C. Newland for plaintiff.*
*J. W. Whisnant and Lawrence Wakefield for defendant.*

ALLEN, J.  The introduction of the grants from the State
and the mesne conveyances to the plaintiff, with evidence tend-
ing to prove that the grants and conveyances covered the land
in controversy, made out a *prima facie* title in favor of the
plaintiff (*Mobley v. Griffin,* 104 N. C., 112), and to meet this
case of the plaintiff the defendant relied, among other things,
upon an adverse possession under color of title.

The deed of 1833, under which the defendant claims, is not,
in our opinion, fraudulent upon its face, and was properly ad-
mitted in evidence, but there is no evidence of title in the
grantor in that deed, and nothing connecting the deed with any
other title, and it could therefore have no legal effect except as
color of title.

A deed which is merely color of title professes to pass the
title, but does not do so (*Williams v. Scott,* 122 N. C., 550), and
can only become effective as title when there is an adverse pos-
session under it for the period prescribed by statute, under some
conditions seven years, and others twenty-one years. *Hamilton
v. Icard,* 114 N. C., 536.

Applying these principles, which are too well settled to re-
quire the citation of authority in their support, the charge of
his Honor is clearly erroneous, because of his failure to incor-
porate in the instruction the necessary element of an adverse
possession.

He, in effect, charged the jury that if Silas Coffey, a son of
William Coffey, built on the land in 1858 or 1859, and had the
lines run and marked, that this would put the title in him,
which would descend to his children; and this is not true, unless
there was an adverse possession for the time required by statute.

If the house was built, and the lines marked, these would be
circumstances tending to prove adverse possession, but not con-
clusive evidence of the fact, nor that the possession continued
during the statutory period.

The whole charge of his Honor is not in the record, and we
cannot see that this error was corrected, and it is upon the most
material question before the jury.

We are also of opinion that the lease from the plaintiff to the defendant is competent as an admission of his title, and a circumstance tending to rebut the claim of adverse possession.

New trial.