### J. R. BRIGHT ET AL. v. PEERLESS LUMBER COMPANY.

(Filed 20 September, 1922.)

**Appeal and Error—Instructions—Evidence—Burden of Proof—Deeds and Conveyances—Reservations in Deeds—Timber.**

Where the defendant's rightful cutting the timber that the plaintiff seeks to enjoin depends upon whether it falls within the reservation of the plaintiff's deed of "second-growth timber and original-growth in the pastures," the burden is upon the plaintiff to show that the timber in question is within the exception, and an instruction that places it upon the defendant is reversible error.

APPEAL by defendant from *Ferguson, J.,* at February Special Term, 1922, of CHATHAM.

Plaintiffs sold defendant all the timber of prescribed dimensions within certain boundaries, "excepting from the above the second-growth timber and original growth in the pastures." The consideration was $7,500, of which $6,000 has been paid. The plaintiffs obtained a restraining order to prevent defendant's removal of the timber in controversy. The plaintiffs contend that the timber is in the pastures; the defendant contends it is not. The issue and the answer are as follows:

"1. Is the defendant indebted to the plaintiff, and if so, in what amount?"

And that for its verdict, said jury answered said issue: "$1,500, and interest."

His Honor instructed the jury as follows: "The defendant having admitted the execution of the contract, exhibit 'A,' in which they promise to pay the plaintiffs $7,500, and having further admitted that they have only paid $6,000 on it, the court charges you that you would answer the issue submitted to you 'Yes, $1,500, with interest,' unless the defendant has satisfied you by the greater weight of the evidence that this timber in dispute was actually sold to it by the plaintiffs; if they have so satisfied you, you would answer it 'No,' it being admitted that the plaintiffs have prevented the defendant from cutting it." The defendant excepted.

Judgment for plaintiffs. Appeal by defendant.

*Siler & Barber and Long & Bell for plaintiffs.*
*K. R. Hoyle and A. C. Ray for defendant.*

PER CURIAM. The contract excepts the second-growth timber and the original growth in the pastures. The timber in controversy is embraced within the boundaries of the land described in the contract, and as the plaintiffs have prevented its removal, they have the burden of showing that the timber .is within the exception. It is not admitted that the timber which the defendant has been prevented from cutting is second growth, or in the pastures. This is a question which the jury should determine. *Batts v. Batts,* 128 N. C., 22; *Wyman v. Taylor,* 124 N. C., 426; *Bernhardt v. Brown,* 122 N. C., 589; *Steel Co. v. Edwards,* 110 N. C., 354.

New trial.