## T. S. SOUTHGATE v. B. M. ELFENBEIN ET AL.

(Filed 27 September, 1922.)

1. **Deeds and Conveyances—Ejectment—Reservations in Deed—Burden of Proof.**

   The burden is on the defendant in ejectment, claiming that the *locus in quo* is within the exception of the plaintiff's deed, both claiming under a common source of title, to show that it is, in order to maintain his defense.

2. **Same—Evidence—Nonsuit—Questions for Jury—Trials.**

   The plaintiff and defendant in ejectment claimed under a common source of title, and the defendant relied upon the contention that the *locus in quo* was within the reservation of the plaintiff's deed, and the reservations were not set out in plaintiff's deeds by particular metes and bounds, but incorporated therein by reference to other deeds, which were not offered in evidence: *Held,* the case was one for the jury, and defendants' motion as of nonsuit upon the evidence was improperly granted.

APPEAL by plaintiff from *Cranmer, J.,* at June Term, 1922, of CARTERET.

Civil action to quiet title, subsequently converted into an action of ejectment, and to recover damages for an alleged trespass.

At the close of plaintiff's evidence, on motion of defendants, there was a judgment as of nonsuit, from which the plaintiff appealed.

*Julius F. Duncan for plaintiff.*
*C. R. Wheatly for defendants.*

STACY, J. On the hearing it was admitted that plaintiff and defendants claim title to the *locus in quo* from a common grantor, Isaiah Mason.

In deraigning plaintiff's title, he offered in evidence certain deeds covering the property and describing it by metes and bounds, but containing two exceptions to lands previously conveyed by Isaiah Mason to Ephream Willis and to W. P. Mason. The defendants claim the lands under Ephream Willis and W. P. Mason, and thus under the exceptions in the plaintiff's deeds. But these deeds, under which the defendants claim, were not offered in evidence. The correctness of the nonsuit, therefore, depends upon whether the plaintiff or the defendants had the burden of showing that the disputed land lay outside the excepted territory.

This identical question was before the Court in the case of *Gudger v. Hensley,* 82 N. C., 482, where it was held: "In ejectment, where a party relies upon a reservation in a grant to support his title, the *onus* is on him to show that the land claimed is embraced within its terms." And in *Bernhardt v. Brown,* 122 N. C., 590, it was said: "The defendants except because '5,000 acres being excepted from the grant,' under which the plaintiffs claim, the burden is on the plaintiffs to show that the land sued for is not the excepted part.' The law is well settled otherwise. 'The *locus in quo* being within the boundary of plaintiffs' deed, and defendant claiming under exceptions in said deed, it is clear that it is incumbent on him to bring himself within the exceptions by proof,' " citing *Steel Co. v. Edwards,* 110 N. C., 353, and *Gudger v. Hensley, supra.* Again, in *Lumber Co. v. Cedar Co.,* 142 N. C., 422: "It may now be taken as settled law that a party claiming land to be within an exception must take the burden of proving it," citing a number of authorities. See, also, *Bright v. Lumber Co.* (at this term), and cases there cited. *Bowser v. Wescott,* 145 N. C., 61; *Currie v. Hawkins,* 118 N. C., 598.

Under the foregoing principle, it follows that his Honor should have submitted the question to the jury, and that the motion for judgment as of nonsuit should have been overruled.

It may be well to note that the exceptions in question were not set out in the plaintiff's deeds by particular metes and bounds so as to show upon the face of the instruments the internal as well as the external limits and bounds of the property conveyed. The entire property was covered by the general description in the deeds, but the exceptions were incorporated therein only by reference to other deeds. *Brown v. Rickard,* 107 N. C., 645.

The judgment of nonsuit will be set aside, and the cause referred to another jury.

Reversed.