### T. G. BOYD v. SUNCREST LUMBER COMPANY.

(Filed 8 June, 1923.)

**Deeds and Conveyances — Grants—Boundaries—Exceptions—Burden of Proof—Tenants in Common—Title.**

> In proceedings to partition lands, defendant pleaded sole seizin, and title was made to depend upon the location of the *locus in quo* within the boundaries of a grant from the State, from which was excepted certain lands covered by a senior grant: *Held*, the burden was on plaintiff to show by the preponderance of the evidence the location of land and title thereto, which was shifted to defendant upon his contention that the lands were within the exception to the junior grant, the plaintiff's admission of defendant's interest not affecting the question.

APPEAL by defendant from *Ferguson, J.,* at January Term, 1923, of HAYWOOD.

This was a special proceeding before the clerk of the Superior Court of Haywood to partition 100 acres of land. The plaintiff alleged in his petition that he owned 65/72ds undivided interest in the land, and he admitted that the defendant owned the balance. The defendant, a corporation, filed answer denying that the plaintiff owned any interest in said land, and pleaded sole seizin in itself. Upon the issue of title thus being raised, the clerk transferred the case to civil issue docket.

The case coming on to be tried, the jury found that the plaintiff and defendant were tenants in common of the land, and that the plaintiff owns 65/72ds interest therein and the defendant owns 7/72ds therein. Appeal by defendant.

*W. J. Hannah and W. R. Francis for plaintiff.*
*Merrimon, Adams & Johnston and Morgan & Ward for defendant.*

CLARK, C. J. The plaintiff introduced a state grant to John G. Blount, dated 29 November, 1796, for 176,000 acres of land, describing the outside boundary therein, but exempting from the said grant four grants within said boundaries to John Hightower and others containing 3,080 acres, which had been issued to them before the grant to Blount.

The plaintiff then introduced a chain of *mesne* conveyance from Blount to Love, and then the will of Love whereby he devised his "speculation lands (these lands), to be sold and appointed executors with powers

to sell and convey the same. After all the executors were dead, the court appointed R. D. Gilmer trustee and administrator *de bonis non* with the will annexed, who exercised the same power the executors had possessed to sell and convey said land for about twenty years under the order of the court, when he resigned. As to all these proceedings there was no question of illegality or irregularity raised.

When Gilmer resigned as administrator and trustee, the court appointed W. J. Hannah trustee and administrator with the will annexed with the same power as Gilmer had possessed, which he exercised under the orders of the Court until he finally wound up and settled the estate, having sold the remainder of the Love land and conveyed the same to U. J. Sloan. The objection to the last order is presented by the exceptions.

The plaintiff contends that the order appointing W. J. Hannah trustee and administrator fully clothed him with authority, under the orders of the court to the same extent, and that the report of the sale and its confirmation were broad enough to give W. J. Hannah, trustee and administrator, full power to sell all the balance of the Love speculation land whether it had been surveyed and located or not, and therefore the deed from Hannah to Sloan passed title in fee simple to him. If this land was embraced in the exceptions in the grant to John G. Blount, the burden was upon the defendant to prove that its land was in the exception. *McCormick v. Monroe,* 46 N. C., 15; *Gudger v. Hensley,* 82 N. C., 485; *Brown v. Rickard,* 107 N. C., 639 and 645; *Balts v. Batts,* 128 N. C., 21; *Lumber Co. v. Cedar Co.,* 142 N. C., at p. 422.

The plaintiff assumed the burden of showing by the preponderance of the testimony the location of the land and the title thereto, but when the defendant contends that the land in question was a part of the exceptions within the larger grant, the burden was shifted to it. The fact that the plaintiff admits that the defendant is entitled to 7/72ds of the land goes to that extent and no further.

No error.