WEST VIRGINIA PULP & PAPER COMPANY v. RICHMOND CEDAR WORKS, JOHN T. TAYLOR, AND OTHERS.

(Filed 17 March, 1954.)

**1. Deeds § 18—**

Contested proceedings for the registration of land titles under the Torrens Law are triable in the mode prescribed by G.S. 43-11 (1), (2) and (3) under the same rules for proving title as apply in actions of ejectment and other actions involving the establishment of land titles.

**2. Ejectment § 15—**

In an action of ejectment or other action involving the establishment of a land title, the burden is on the plaintiff to prove a title good against the world, or a title good against the defendant by estoppel.

**3. Ejectment § 17—**

The plaintiff in an action of ejectment or other action involving the establishment of a land title may safely rest his case upon showing such facts and such evidences of title as would establish his right to the relief sought by him if no further testimony were offered.

**4. Same—**

In actions of ejectment and other actions involving the establishment of land titles, plaintiff may make out a *prima facie* title by any of the methods enumerated in *Mobley v. Griffin,* 104 N.C. 112.

**5. Same—**

In actions of ejectment and other actions involving the establishment of land titles, plaintiff makes out a *prima facie* case by showing a grant from the State covering the land described in his complaint and *mesne* conveyances of that land to himself.

**6. Same—**

The plaintiff in an action of ejectment or other action involving the establishment of a land title need not prove the title alleged by him if it is judicially admitted by the defendant.

**7. Ejectment § 15—**

Where, in an action of ejectment or other action involving establishment of a land title, plaintiff makes out a *prima facie* title by evidence or judicial admission establishing that the land in dispute is within the external

boundaries of plaintiff's deed, and defendant claims under an exception in plaintiff's muniments of title, the burden is on defendant to bring himself within such exception by evidence identifying the *locus in quo* and locating it upon the surface of the earth inside the exception.

**8. Deeds § 18—**

In this proceeding under the Torrens Law, defendant admitted a grant from the State covering the land sought to be registered and title in petitioner thereunder by *mesne* conveyances, but asserted title to the *locus* under the exception in petitioner's muniments of title. Defendant failed to offer evidence identifying the *locus* or locating it upon the surface of the earth inside the exception. *Held:* Decree establishing petitioner's title to the land sought to be registered and quieting such title as against defendant's claim is without error.

APPEAL by defendant John T. Taylor from his Honor, *Malcolm C. Paul,* a Special Superior Court Judge residing in the judicial district embracing DARE County, in a title registration proceeding pending in the Superior Court of Dare County heard by consent of the parties at Chambers in Washington, North Carolina, within the district on 5 December, 1953.

Special proceeding *in rem* under the Torrens Law for the registration of the title to certain land.

For convenience of narration, the West Virginia Pulp & Paper Company is called the petitioner, and John T. Taylor is characterized as the answering defendant. The title of the cause is abbreviated in the manner set forth above because the mere statement of the names and addresses of all of the defendants occupies fourteen pages in the original record. Since this appeal merely involves the contest of the petitioner's application for registration by the answering defendant, we omit reference to other parties. The matters necessary to an understanding of the appeal are stated in the ensuing paragraphs.

1. On 7 September, 1795, the State of North Carolina granted to John Gray Blount under one comprehensive boundary "a tract of . . . 100,000 acres" in the portion of Dare County which was then included in Tyrrell County. The grant contained this exception respecting senior entries and grants: "Within which bounds there hath been heretofore granted 22,633 acres and is now surveyed and to be granted to Mr. George Pollock 9,600 acres which begins at Samuel Jackson's northeast corner of 2,000 acre grant on Mill Tail Creek, and runs south and east for complement."

2. On 19 January, 1953, the petitioner began this proceeding by petition against numerous defendants in the Superior Court of Dare County to establish its title to a large body of land in Dare County, to determine all adverse claims to such land, and to have its title to such land registered in accordance with the provisions of the Torrens Law as embodied in Chapter 43 of the General Statutes.

3. The petition, which was signed and sworn to by the petitioner, alleged its fee simple ownership of the land sought to be registered; described and plotted the land by metes and bounds with permanent markers; disclosed when, how, and from whom the petitioner acquired its alleged title to the land; identified the persons occupying any portions of the land; and gave an account of all known liens, interests, equities and claims, adverse or otherwise, vested or contingent, upon the land. It named the answering defendant as one claiming some adverse interest in the land.

4. The answering defendant answered, admitting the petitioner's claim to all of the land sought to be registered except a parcel of undesignated acreage purportedly described by metes and bounds in paragraph one of the answer, and asserting his own fee simple ownership of that particular parcel.

5. The petition, the answer, and all exhibits filed were referred to the examiner of titles for proceedings conforming to subdivisions 1, 2, and 3 of G.S. 43-11. The examiner made an independent examination of the title, and proceeded after notice to hear the cause upon the parol and documentary evidence offered by the petitioner and the answering defendant.

6. On the hearing before the examiner, the petitioner offered the grant from the State to John Gray Blount in evidence, and avowed its purpose to present testimony showing that it derived title to the land sought to be registered under this grant and successive conveyances through intermediate parties to itself. At this juncture, the answering defendant judicially admitted, in essence, that the grant from the State to John Gray Blount covered the land sought to be registered; that the petitioner held the record or paper title to such land under *mesne* conveyances from John Gray Blount; and that the parcel of land claimed by him in his answer was located within the external boundaries of the grant to John Gray Blount. The answering defendant advised the examiner at the same time of his contentions that the 22,633 acres included in the exception in the grant to John Gray Blount as land "heretofore granted" embraced 700 acres previously granted to John Tweedy; that the parcel of land claimed by him in his answer was situated within the grant to John Tweedy; and that he had acquired title to the parcel of land claimed by him in his answer through *mesne* conveyances from John Tweedy.

7. At this stage of the hearing before the examiner, the petitioner rested its case, and the answering defendant avowedly undertook to establish the validity of his announced contentions by documentary and parol testimony. He introduced in evidence a grant dated 7 October, 1782, whereby the State of North Carolina purportedly granted to John Tweedy 700 acres of land "on the south side of Milltail Creek"; a deed dated 20 March, 1788, whereby John Twidy purportedly conveyed to William

Basnight 200 acres of land "on the southwest side of Milltail Creek"; a deed dated 5 September, 1951, whereby W. H. McClees and 24 other persons quitclaimed to D. H. Price any "right, title, and interest" they had "in any portion of the land contained within the boundaries" of the grant from the State of North Carolina to John Tweedy; and a deed dated 20 December, 1951, whereby D. H. Price purportedly conveyed to the answering defendant the parcel of land claimed by him in his answer. The answering defendant presented other evidence tending to show that the grantors in the quitclaim deed were "some of the heirs of William Basnight." He relied solely upon the rule of *idem sonans* to establish the proposition that John *Twidy* was the same person as John *Tweedy*. The answering defendant did not offer any evidence sufficient to show the location of the land purportedly described in the deed from D. H. Price to him, or the location of the land purportedly described in the deed from John *Twidy* to William Basnight, or the location of the land purportedly described in the grant from the State of North Carolina to John *Tweedy*.

8. The examiner filed with the Clerk of the Superior Court of Dare County his written report setting forth in specific detail his findings of fact, his conclusions of law, and the state of the title.

9. When the report of the examiner is reduced to ultimate terms, it comes to this: The land sought to be registered was granted by the State of North Carolina to John Gray Blount in fee simple by the grant of 7 September, 1795, and passed by title of equal dignity to the petitioner through *mesne* conveyances from John Gray Blount. The answering defendant did not identify or locate any of the land purportedly described in any of the documents allegedly constituting his supposed chain of title. Since the answering defendant admitted that the parcel of land claimed by him lay within the external boundaries of the grant to John Gray Blount, and failed to show that such parcel was located within the exception in such grant, the petitioner is not only entitled to a decree establishing and registering its fee simple title, but it is also entitled to a decree quieting its fee simple title as against the claim of the answering defendant.

10. The answering defendant filed exceptions to the crucial findings of fact and conclusions of law of the examiner. He waived trial by jury of the issues of fact arising upon his exceptions by failing to demand such mode of trial.

11. The Clerk of the Superior Court of Dare County transmitted the record to the Honorable Malcolm C. Paul, a Special Superior Court Judge residing in the judicial district embracing Dare County, who heard the cause by consent of the parties at Chambers in Washington, North Carolina, within the district. Judge Paul found the title to the land sought to be registered to be in the petitioner, overruled the exceptions of

the answering defendant, and entered a decree which provided for carrying the report of the examiner into effect. The answering defendant excepted and appealed, assigning errors.

*Rodman & Rodman for petitioner, appellee.*
*Nere E. Day for defendant John T. Taylor, appellant.*

ERVIN, J. The answering defendant asserts by his assignments of error that the proceedings hitherto had in this cause are not sufficient to establish the petitioner's title to the land sought to be registered, or to warrant quieting the petitioner's alleged title to such land as against his claim. This position is untenable.

When the answering defendant filed his answer, he put the petitioner's application for registration in contest. Contested proceedings for the registration of land titles under the Torrens Law are triable in the mode prescribed by subdivisions 1, 2, and 3 of G.S. 43-11.

These statutory provisions are couched in these words:

1. "Referred to Examiner. Upon the return day of the summons the petition shall be set down for hearing upon the pleadings and exhibits filed. If any person claiming an interest in the land described in the petition, or any lien thereon, shall file an answer, the petition and answer, together with all exhibits filed, shall be referred to the examiner of titles, who shall proceed, after notice to the petitioner and the persons who have filed answer or answered, to hear the cause upon such parol or documentary evidence as may be offered or called for and taken by him, and in addition thereto make such independent examination of the title as may be necessary. Upon his request the clerk shall issue a commission under the seal of the court for taking such testimony as shall be beyond the jurisdiction of such examiner."

2. "Examiner's Report. The examiner shall, within thirty days after such hearing, unless for good cause the time shall be extended, file with the clerk a report of his conclusions of law and fact, setting forth the state of such title, any liens or encumbrances thereon, by whom held, amount due thereon, together with an abstract of title to the lands and any other information in regard thereto affecting its validity."

3. "Exceptions to Report. Any of the parties to the proceeding may, within twenty days after such report is filed, file exceptions, either to the conclusions of law or fact. Whereupon the clerk shall transmit the record to the judge of the superior court for his determination thereof; such judge may on his own motion certify any issue of fact arising upon any such exceptions to the superior court of the county in which the proceeding is pending, for a trial of such issue by jury, and he shall so certify such issue of fact for trial by jury upon demand of any party to the

proceeding. If, upon consideration of such record, or the record and ver-
dict of issues to be certified and tried by jury, the title be found in the
petitioner, the judge shall enter a decree to that effect, ascertaining all
limitations, liens, etc., declaring the land entitled to registration accord-
ingly, and the same, together with the record, shall be docketed by the
clerk of the court as in other cases, and a copy of the decree certified to
the register of deeds of the county for registration as hereinafter provided.
Any of the parties may appeal from such judgment to the Supreme Court,
as in other special proceedings."

On a hearing before an examiner in a contested proceeding to register
a land title under the Torrens Law, the same rules for proving title apply
as in actions of ejectment and other actions involving the establishment
of land titles. *Perry v. Morgan,* 219 N.C. 377, 14 S.E. 2d 46; *Thomasson
v. Coleman,* 176 Ga. 375, 167 S.E. 879; *Glos v. Cessna,* 207 Ill. 69, 69
N.E. 634; 76 C.J.S., Registration of Land Titles, sections 18, 19.

These rules for proving title to land are presently relevant:

1. The general rule is, that the burden is on the plaintiff, in the trial
of an action of ejectment or other action involving the establishment of a
land title, to prove a title good against the world, or a title good against
the defendant by estoppel. *Shelley v. Grainger,* 204 N.C. 488, 168 S.E.
736; *Rumbough v. Sackett,* 141 N.C. 495, 54 S.E. 421; *Campbell v. Ever-
hart,* 139 N.C. 503, 52 S.E. 201; *Mobley v. Griffin,* 104 N.C. 112, 10
S.E. 142.

2. The plaintiff in an action of ejectment or other action involving the
establishment of a land title may safely rest his case upon showing such
facts and such evidences of title as would establish his right to the relief
sought by him if no further testimony were offered. *Power Company v.
Taylor,* 196 N.C. 55, 144 S.E. 523; *Singleton v. Roebuck,* 178 N.C. 201,
100 S.E. 313; *Moore v. McClain,* 141 N.C. 473, 54 S.E. 382; *Mobley v.
Griffin, supra.* "This *prima facie* showing of title may be made by either
of several methods." *Mobley v. Griffin, supra.* See, also, in this connec-
tion: *Conwell v. Mann,* 100 N.C. 234, 6 S.E. 782.

3. The several methods of showing *prima facie* title to land in actions
of ejectment and other actions involving the establishment of land titles
are enumerated in the famous case of *Mobley v. Griffin, supra.*

4. This is one of the enumerated methods: The plaintiff proves a *prima
facie* title to land by tracing his title back to the State as the sovereign of
the soil. *McDonald v. McCrummen,* 235 N.C. 550, 70 S.E. 2d 703; *Moore
v. Miller,* 179 N.C. 396, 102 S.E. 627; *Caudle v. Long,* 132 N.C. 675, 44
S.E. 368; *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800; *Mobley v.
Griffin, supra; Graybeal v. Davis,* 95 N.C. 508. The plaintiff satisfies
the requirements of this method of proving a *prima facie* title when his
evidence shows a grant from the State covering the land described in his

complaint and *mesne* conveyances of that land to himself. *Power Company v. Taylor, supra; Buchanan v. Hedden,* 169 N.C. 222, 85 N.C. 417; *Land Co. v. Cloyd,* 165 N.C. 595, 81 S.E. 752; *Deaver v. Jones,* 119 N.C. 598, 26 S.E. 156.

5. The plaintiff in an action of ejectment or other action involving the establishment of a land title need not prove a title alleged by him if it is judicially admitted by the defendant. *Collins v. Swanson,* 121 N.C. 67, 28 S.E. 65; 28 C.J.S., Ejectment, section 81.

6. Where it appears from the showing of a *prima facie* title by the plaintiff or the judicial admission of the defendant that the land in dispute in an action of ejectment or other action involving the establishment of a land title is within the external boundaries of the plaintiff's deed and that the defendant claims it under an exception in such deed, the burden is on the defendant to bring himself within such exception by proper proof. *Boyd v. Lumber Co.,* 185 N.C. 559, 117 S.E. 714; *Bright v. Lumber Co.,* 184 N.C. 614, 113 S.E. 506; *Southgate v. Elfenbein,* 184 N.C. 129, 113 S.E. 594; *Lumber Co. v. Cedar Company,* 142 N.C. 411, 55 S.E. 304; *Batts v. Batts,* 128 N.C. 21, 38 S.E. 132; *Wyman v. Taylor,* 124 N.C. 426, 32 S.E. 740; *Bernhardt v. Brown,* 122 N.C. 587, 29 S.E. 884; 65 Am. S. R. 725; *Basnight v. Smith,* 112 N.C. 229, 16 S.E. 902; *Steel and Iron Co. v. Edwards,* 110 N.C. 353, 14 S.E. 861; *Midgett v. Wharton,* 102 N.C. 14, 8 S.E. 778; *King v. Wells,* 94 N.C. 344; *Gudger v. Hensley,* 82 N.C. 481; *McCormick v. Monroe,* 46 N.C. 13. To do this, the defendant must present evidence sufficient to identify the *locus in quo* and locate it upon the surface of the earth inside the exception. *McBrayer v. Blanton,* 157 N.C. 320, 72 S.E. 1070; *Steel and Iron Co. v. Edwards, supra.*

When the record in this cause is laid alongside these rules for proving title, it is manifest that the proceedings hitherto had are ample to establish the petitioner's title to the land sought to be registered.

The petitioner undertook to carry the burden of proving its ownership of the land by tracing its title back to the State's grant to John Gray Blount. This undertaking was interrupted by the answering defendant, who judicially admitted that the grant from the State to John Gray Blount covered the land sought to be registered, and that the petitioner held the record or paper title to such land by *mesne* conveyances from John Gray Blount. By this admission, the answering defendant conceded that the petitioner had a *prima facie* title to the land sought to be registered. Since the answering defendant offered no evidence tending to defeat the petitioner's *prima facie* title, the admission itself suffices to establish the petitioner's title to the land sought to be registered.

It is manifest, moreover, that the proceedings hitherto had in this cause are ample to warrant quieting the petitioner's title to the land sought to be registered as against the answering defendant's claim. Since the

answering defendant judicially admitted that the parcel of land purportedly described in paragraph one of the answer lay within the external boundaries of the plaintiff's muniments of title and that he claimed it under an exception in such muniments of title, the burden was on the answering defendant to identify such parcel of land and locate it upon the surface of the earth inside the exception. This he failed to do.

For the reasons given, the judgment is

Affirmed.