VIRGINIA-CAROLINA POWER COMPANY v. JOB TAYLOR.

(Filed 8 October, 1924.)

**Partition — Title — Chain of Title—Evidence—Statutes—Instructions— Appeal and Error.**

Where proceedings for partition of lands covered by a nonnavigable stream of water have been made under the provisions of chapter 85, Revised Statutes 1837, before amended, and applicable at the time, it was by the terms of the statute binding upon the parties, and where a party litigant has shown the land to have been embraced under the partition proceedings, it is error for the trial court to hold or instruct the jury that the partition proceedings could not be considered as a link in the chain of claimant's title unless the court had confirmed the report of the commissioners, or the parties to these proceedings had confirmed them by their subsequent conduct that would amount to their ratification.

APPEAL by plaintiff from *Daniels, J.,* at Spring Term, 1924, of NORTHAMPTON.

The plaintiff seeks to recover of the defendant a tract of land situate in Northampton County described in the complaint by metes and bounds upon its allegation that it is the owner and entitled to the possession of the said tract of land; this allegation is denied by the defendant.

The first issue submitted to the jury, with the answer thereto, is as follows: "Is the plaintiff the owner and entitled to the possession of the tract of land described in the complaint? Answer: 'No.'"

Under the instructions of the Court the jury did not answer the other issues submitted. All the exceptions noted during the trial upon which plaintiff bases its assignments of error are to the evidence and instructions applicable to the first issue. Plaintiff contends that the

evidence tends to show that it is the owner of the land described in the complaint by a chain of title connecting it with a grant from the State of North Carolina to William Eaton for a tract of land situate on Roanoke River in Northampton County containing 226 acres described in the said grant by metes and bounds. This grant was recorded in Book 8 at page 248, Northampton Registry on 10 December, 1790.

Plaintiff offered as a link in his chain of title the original petition, order for partition, report of commissioners, and order with respect to the said report, in a partition proceeding between the devisees of W. W. Wilkins and William Miles filed at June Term, 1847 of the Court of Pleas and Quarter Sessions of Northampton County. The petitioners, W. W. Wilkins, Edmund Wilkins, James C. Bruce and wife, William E. Broadnax and Sallie I. Broadnax and William Miles showed to the court that they are tenants in common of certain lands covered by water in Eaton's Falls in Roanoke River described in the petition by metes and bounds containing 226 acres; that William Miles is entitled to one-half of the said lands and that the other petitioners are entitled to the remaining one-half as tenants in common; all of the petitioners pray that William Miles' one-half of the said land be allotted to him in severalty and that the other one-half be allotted to the other petitioners in common. Commissioners were appointed by the court pursuant to said petition and at September Term, 1847, of the said court the said commissioners reported that pursuant to the order of the court they had allotted to William Miles all of that part of the said land lying to the north of a line defined and described in the said report and that they had allotted to the other petitioners as tenants in common, all of the said land lying to the south of said line. Thereupon an order was made in words as follows:

"NORTHAMPTON COUNTY—September Term, 1847.

This division of land was returned in open court by the commissioners who made it and ordered that the same, together with the plat annexed, be certified and registered.        JOHN B. ODOM, *Teste.*

Registered 6 September, 1847.

SAMUEL CALVERT, *Register."*

This partition proceeding is recorded in Book 32 at page 248, Northampton County Registry. The plaintiff herein claims under the Wilkins devisees, and contends that the land allotted to them is the same land as that described in the complaint.

The defendant objected to the introduction of the said partition proceedings on the ground that the report of the commissioners was not

confirmed. The proceedings, however, was admitted by his Honor who reserved his ruling upon the defendant's objection. Evidence was subsequently offered which the plaintiff contended established ratification of the said proceeding by William Miles and those under whom he claimed, including the defendant. The defendant, however, contended that upon all the evidence the jury should find that there was no ratification of the said partition.

In his charge to the jury his Honor instructed them as follows: "I want to say to you, however, gentlemen of the jury, that the report of the commissioners in the division of the Wilkins lands between the Wilkins heirs and William Miles, has never been confirmed so far as the record discloses and therefore it would not be a link in the chain of title of plaintiff unless the evidence should satisfy you by its greater weight, that it was acquiesced in by William Miles and his successors in title."

To this instruction plaintiff excepted and this is plaintiff's exception No. 51.

There were other and further instructions to the jury based upon his Honor's holding that the report of the commissioners had not been confirmed and that the said partition proceeding should be disregarded by the jury unless they should find by the greater weight of the evidence that William Miles and those who claimed under him had ratified the same by acquiescence. To each and all of these instructions the plaintiff excepted and assigned same as errors.

In view of the disposition of this appeal it becomes unnecessary to set out the other exceptions and assignments of error made by the plaintiff.

*George C. Green for plaintiff, appellant.*
*Travis & Travis, Daniel & Daniel and Burgwyn & Norfleet for defendant, appellee.*

CONNOR, J. The controversy between the parties to this action involves the title to a parcel or tract of land in Northampton County over which the Roanoke River, a nonnavigable stream, flows, the said land lying and being in the bed of said river.

The plaintiff offered evidence which he contends established a connected chain of title beginning with a grant by the State of North Carolina in 1790 and continued to the deed of its grantor. As one of the links in such chain of title he offered the record of a special proceeding for partition in the Court of Pleas and Quarter Sessions of Northampton County begun at the June Term, 1847 and concluded at the September Term, 1847, of said court. His Honor was of the opinion

23—188

and so instructed the jury, that the said proceeding was not valid as a link in the chain of title for the reason that the report of the commissioners had not been confirmed.

This proceeding was conducted in accordance with the provisions of chapter 85 of the Revised Statutes of North Carolina 1837. Section 1 of said chapter, after providing for the appointment of the commissioners to make the partition in accordance with the prayer of the petition, provides further: "The said commissioners, or a majority of them, are required as soon as they can to make a return of their proceeding and appropriations under their hands and seals, ascertaining with precision the different tracts or parcels of land, lots or houses with actual surveys of the same when necessary, to the court by which they were appointed, which return and appropriation shall be certified by the clerk and enrolled in his office and registered in the office of the county where such lands, lots or houses respectively lie; and such return and appropriation shall be binding and valid among and between the claimants, their heirs and assigns forever."

This statute which was applicable to the proceeding had in 1847, was not called to the attention of his Honor; we are of the opinion that his Honor was in error in holding that the said proceeding was not valid for the reason that there was no formal order or decree confirming the report of the commissioners.

An inspection of the proceeding shows that the report of the commissioners appointed in this proceeding was returned into open court, and that the said return, together with the plat annexed, was certified by the clerk and enrolled in accordance with the provisions of the statute then in force. By virtue of such statute, such return and appropriation when so certified and registered, became "binding and valid among and between the petitioners, their heirs and assigns forever."

It is interesting to note that this section 1 of chapter 85, as the same appears in the Revised Code of North Carolina 1854, was amended by requiring that the report of the commissioners should be *confirmed* and then enrolled and certified in accordance with the provisions of the foregoing section. See C. S., 3230, 1.

The plaintiff's assignment of error for that his Honor held that the report of the commissioners had not been confirmed and that therefore the proceeding was not valid as a link in plaintiff's chain of title, is sustained and therefore there must be a

New trial.