VIRGINIA-CAROLINA POWER COMPANY v. JOB TAYLOR.

(Filed 26 September, 1928.)

**1. Trial—Issues—Form and Sufficiency in General.**

Exceptions to the issues submitted by the judge to the jury in an action of ejectment are untenable when it appears on appeal that the issues submitted fully embrace all issuable matters raised by the pleadings and supported by the evidence, and fully embrace all the contentions of the parties.

**2. Estoppel by Deed—Operation in General.**

Where the defendant's title is derived by mesne conveyances under a grant he is estopped to deny the validity of the plaintiff's title under the same grant on the ground that it lacked a seal.

**3. Adverse Possession—Nature and Requisites—Burden of Proof.**

The burden is on the claimant to show adverse possession when relied on by him, and upon his failure to show his possession adverse to plaintiff, who holds the paper title, it will be presumed that he holds under the plaintiff's title.

**4. Same—Distinct and Exclusive Possession.**

Evidence of casual fishing in nonnavigable waters from time to time does not alone amount to such adverse possession of the lands covered by the water as will ripen title against the one showing a perfect chain of paper title thereto.

APPEAL by defendant from *Daniels, J.,* at April Term, 1928, of NORTHAMPTON. No error.

Civil action in ejectment to recover possession of a tract of land, containing 97 acres, located in the bed of Roanoke River, a nonnavigable stream. Said land, other than Sturgeon Island, is covered by water.

The issues submitted to the jury were answered as follows:

"1. Is the plaintiff the owner and entitled to the possession of the tract of land described in the complaint, other than Sturgeon Island? Answer: Yes.

"2. If so, is the defendant in the wrongful and unlawful possession of the said land? Answer: Yes.

"3. Is the plaintiff the owner and entitled to the possession of the tract of land described in the complaint and known as Sturgeon Island? Answer: Yes.

"4. If so, is the defendant in the wrongful and unlawful possession of said land? Answer: Yes.

"5. If so, what damage is the plaintiff entitled to recover of the defendant? Answer: $18.00."

From judgment on the verdict defendant appealed to the Supreme Court.

*George C. Green for plaintiff.*
*Burgwyn & Norfleet, Travis & Travis and C. R. Daniel for defendant.*

CONNOR, J. This action was begun in the Superior Court of North-ampton County on 16 September, 1922. Three appeals from judgments rendered at three several trials in said Superior Court have been hereto-fore heard and disposed of by this Court, each appeal resulting in a new trial. See 188 N. C., 351, 124 S. E., 634; 191 N. C., 329, 131 S. E., 646; 194 N. C., 231, 139 S. E., 381. This appeal is from the judgment rendered at the last trial, at April Term, 1928, of said Superior Court.

Assignments of error based upon exceptions taken and presented on this appeal have been carefully considered; they cannot be sustained. The judgment must be affirmed.

The issues submitted by the court to the jury arise upon the pleadings. They present to the jury every phase of the controversy between the parties; the answers to these issues are determinative of all essential matters involved in the controversy. Upon these issues each party to the action was able to present and did present to the court and to the jury each and all of his contentions both as to the facts and as to the law applicable to the facts as found by the jury. There was no error with respect to the issues. In *Power Co. v. Power Co.*, 171 N. C., 248, 88 S. E., 349, it is said: "Issues are sufficient when they submit to the jury proper inquiries as to all the essential matters or the determinative facts of the controversy. The form of the issues is of little or no conse-quence, if those which are submitted to the jury afford each party a fair chance to present his contention in the case, so far as it is pertinent to the controversy. Issues should be framed upon the pleadings, and not upon the evidence." It is not error for the trial judge to so form the issues which arise upon the pleadings that the contentions of the parties, upon the evidence, may be clearly presented to and passed upon by the jury. This was done upon the trial of this case.

Assignments of error based upon exceptions to instructions of the court to the jury relative to the first and second issues cannot be sus-tained. All the evidence pertinent to these issues supports the conten-tion of the plaintiff that each of these issues should be answered in the affirmative. The evidence shows a grant from the State, covering the land described in the complaint, and mesne conveyances of said land to the plaintiff. There is no exception in the record to the grant offered in evidence by the plaintiff. Indeed, the evidence tends to show that defendant derives his title from those claiming under this grant. He is therefore estopped from denying the validity of the grant for want of a seal. *Gilliam v. Bird*, 30 N. C., 280. Having established his legal title to the land referred to in the first issue, plaintiff, by virtue of the

statute, is entitled prima facie to possession.  C. S., 432.  There was no evidence tending to show such possession by the defendant of the land involved in the first issue as the law requires to defeat the title of plaintiff or its right to possession under such title.  The evidence relied upon by defendant tends to show only that persons claiming under those from whom he contends that he derived title, from time to time, caught fish in traps placed by them in the river; this evidence falls short of that held in *Williams v. Buchannan,* 23 N. C., 535, to be sufficient to show possession of land covered by the waters of a nonnavigable river.  In that case it is held that "acts of dominion continuously exercised over this sluice by keeping up fish traps therein, erecting and repairing dams across it, and using it every year during the fishing season for the purpose of catching fish did constitute an unequivocal possession thereof."  The evidence in this case does not show that any dams were placed in the river, or that traps for catching fish were maintained continuously therein, on the land involved in the first issue.

With respect to the third and fourth issues, the court instructed the jury as follows:

"I charge you to answer the third issue, 'Yes,' and the fourth issue 'Yes,' if you find the facts to be as testified to by all the witnesses, and as shown by the records introduced in the case, unless the defendant by the greater weight of the evidence has satisfied you, the burden being upon him to do so, that he and those to whose rights he has succeeded, has been in the continuous, open, notorious, adverse possession of Sturgeon Island under known and visible lines and boundaries for a period of twenty years prior to the commencement of this suit."

This instruction is sustained by the opinion in this case, upon a former appeal.  194 N. C., 231.  We there said, that when the plaintiff in ejectment shows title to the premises, and the defendant claims title by adverse possession, the latter must establish such affirmative defense by the greater weight of the evidence.  Otherwise the defendant's occupation is deemed to be under and in subordination to the legal title.  There was a conflict in the evidence with respect to the possession of Sturgeon Island.  Plaintiff having established prima facie a legal title to said island, the burden was upon defendant to show by the greater weight of the evidence such possession as will defeat plaintiff's title and right to possession.  This the defendant failed to do.

There was no error in the instruction of the court to the jury, defining the possession which defendant was required by the law to show in order to defeat plaintiff's title to Sturgeon Island.

The judgment is affirmed.  There was

No error.